## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

DAVID A. CORDOVA,

        Plaintiff,

v.                                                                          No. CV-10-1165 CG/WDS

SOCIAL SECURITY ADMINISTRATION,

        Defendants.

### ORDER GRANTING APPLICATION FOR ATTORNEY FEES

**THIS MATTER** comes before the Court on *Plaintiff's Counsel's Application for Attorney Fees from Past-Due Benefits Pursuant to Federal Rule of Civil Procedure 60(b)(6) and 42 U.S.C. § 406(b)(1)*. (Doc. 25). Defendant filed a *Response to Plaintiff's Motion for an Order Authorizing Attorney's Fees Pursuant to 42 U.S.C. § 406(B)*, but declined to take a position with regard to the reasonableness of the requested award. (Doc. 26). Plaintiff did not file a reply. Plaintiff's attorney, Michael Liebman, moves the Court for an order authorizing attorney fees in the amount of $10,015.00 for services rendered before this Court. (Doc. 25 at 1). Having reviewed the parties' filings, the relevant law, and otherwise being fully advised in the premises, the Court finds that Plaintiff's motion is well-taken and should be **GRANTED**.

Plaintiff instituted an action in this Court in December of 2010 seeking to reverse Defendant's denial of his application for Social Security disability benefits. (Doc. 1). Plaintiff filed his *Motion to Reverse or Remand Administrative Agency Decision* and memorandum in support several months later. (Doc. 13; Doc. 14). Defendant did not oppose Plaintiff's motion and the parties submitted a joint order seeking to remand the case so that certain medical opinions might be reevaluated. (Doc. 18). The case was remanded in June of

2011. (Doc. 19). Following the remand Plaintiff filed a motion seeking fees to pay his attorney pursuant to the Equal Access to Justice Act ("EAJA") in the amount of $3,343.10. (Doc. 22). The Court granted the request. (Doc. 24).

Upon remand the Social Security Administration found Plaintiff to be disabled and entered a fully favorable decision on April 16, 2012. (Doc. 25-1 at 1). Finding that Plaintiff had been disabled since January 1, 2009, the Administration determined that he was entitled to past-due benefits in the amount of $65,945.90. (Doc. 25-3 at 1). Twenty-five percent of that fee, $16,015.00, was withheld by the Administration for payment to Plaintiff's attorney. (*Id*.).[1] Defendant paid $6,000.00 of that money to Mr. Liebman for services rendered while representing Plaintiff at the administrative level. (*Id*.). Mr. Liebman now seeks authorization to receive the remaining $10,015.00 to compensate him for his work before this Court. (Doc. 25 at 2).

As provided for by statute, a Court may allow "a reasonable fee . . . not in excess of 25 percent of the total of past-due benefits" awarded to a social security claimant who receives a favorable decision before the agency. 42 U.S.C. § 406(b)(1)(A). The fee is deducted from the claimant's past-due benefits. When considering whether to enforce a fee agreement under § 406(b), the touchstone of the inquiry is reasonableness. *Id.* at 807. The Court has stated that the requesting attorney "must show that the fee sought is reasonable for the services rendered," and that "§ 406(b) calls for court review of [contingent-fee] arrangements as an independent check, to assure that they yield reasonable results in

---

[1] Plaintiff had entered into a contingency fee arrangement with Mr. Liebman wherein he agreed that he would receive twenty-five percent of any past due benefits received from the agency in the event of a favorable agency decision. (Doc. 25-4 at 1).

particular cases." *Gisbrecht v. Barnhart*. 535 U.S. 789, 807 (2002). Factors relevant to the reasonableness of the fee request include, i) whether the attorney's representation was substandard, ii) whether the attorney was responsible for any delay in the resolution of the case, and iii) whether the contingency fee is disproportionately large in comparison to the amount of time spent on the case. *Id.* at 808.

In this case, the Court finds that Mr. Liebman's representation of Plaintiff was more than adequate and he obtained a fully favorable decision for Plaintiff. Mr. Liebman did not delay the proceedings before this Court in any way. Neither is the requested fee disproportionately large in comparison to the amount of time spent on the case. Mr. Liebman spent 18.9 hours on Plaintiff's case and awarding Mr. Liebman the requested $10,015.00 would result in an hourly fee of approximately $529.00 per hour. Although large, the Court notes that this fee award is within the range of other fees awards authorized in this District under § 406(b). *See, e.g.*, *Dimas v. Astrue*, Civ. 03-1157 RHS (Doc. 34) (awarding $17,000 for 38.26 hours, or $ 444.33 per hour); *Ferguson v. Barnhart*, Civ. 02-823 KBM (Doc. 29) (awarding $ 7,000 for 13.55 hours, or $ 516.60 per hour); *Jaramillo v. Barnhart*, Civ. 00-1208 JP/DJS (Doc. 28) (awarding $ 10,000 for 22.3 hours, or $ 448.43 per hour).

**IT IS THEREFORE ORDERED** that *Plaintiff's Counsel's Application for Attorney Fees from Past-Due Benefits Pursuant to Federal Rule of Civil Procedure 60(b)(6) and 42 U.S.C. § 406(b)(1)*, (Doc. 25), be **GRANTED**. Mr. Liebman is awarded $10,015.00 for services before this Court.

**IT IS FURTHER ORDERED** that Mr. Liebman shall refund to Plaintiff the $3,343.10

awarded under EAJA. *Gisbrecht*, 535 U.S. at 796 (2002) ("Fee awards may be made under both [EAJA and § 406(b)], but the claimant's attorney must refund to the claimant the amount of the smaller fee." (internal quotation marks and alteration omitted)).


_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE